OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant New York City Transit Authority brought this motion for summary judgment to dismiss plaintiff’s action for failure to state a cause of action. The Court of Appeals recently held that there is no duty sounding in tort which requires the Transit Authority to provide members of the riding public with adequate police protection. (Weiner v Metropolitan Transp. Auth., 55 NY2d 175.) The instant motion begs the question of Weiner’s applicability to a situation where an injury results from an allegedly dangerous physical condition which may invite criminal activity.
Plaintiffs commenced this action to recover damages for injuries sustained by the plaintiff Mary C. Giamboi when she was struck by a bottle thrown by an unknown person from the elevator station of the Bay Parkway B Train platform on June 1, 1982. Plaintiffs contend that the platform station is not fully enclosed, has open areas which permit objects to be thrown or to fall from said platform, *34 and as such constitutes a dangerous condition conducive to vandalism and criminal activity. Plaintiffs cite several newspaper articles reciting similar incidents in the same vicinity. Plaintiffs’ claim that the Transit Authority is liable, is grounded on the theory that they failed to take any measures to enclose the platform or otherwise rectify the dangerous condition in spite of their awareness of repeated acts of vandalism in the area.
Defendant states that conceding every allegation contained in plaintiffs’ complaint, that, as a matter of law, no prima facie case can be established against the Transit Authority. In support of its position, defendant cites Weiner v Metropolitan Transp. Auth. (supra, pp 178-179) in which the Court of Appeals stated: “[t]he New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted * * * Its immunity from such liability rests upon the same considerations as does the immunity of a municipality or other governmental body from liability for failure to provide adequate police protection, for the duty if one were recognized would necessarily implicate the Transit Authority police.”
The Transit Authority argument is predicated upon two misconceptions. The first is that the facts in Weiner (supra), parallel the facts in the instant action.
Weiner (supra) dealt with a passenger who was assaulted by a third party on a stairway leading to a subway entrance. The court fails to see any connection between the issue of police protection and the facts of the instant case. Plaintiffs argue that, given the repeated acts of vandalism in the area, the Transit Authority should have enclosed the platform. Plaintiffs’ papers do not mention a duty to post transit police at the station.
The second misconception is that by its holding in Weiner (supra), the Court of Appeals intended to impart a total shield of tort immunity around the Transit Authority. We disagree with this interpretation. While Weiner would absolve the Transit Authority from liability for failure to post additional police at the station, it does not grant immunity when injury results from a dangerous condition.
*35 Defendant’s moving papers completely sidestep the real issue — namely, whether the unenclosed or improperly enclosed platform constitutes an inherently dangerous condition. This is a factual determination which can only be resolved by a jury.
Accordingly, defendant’s motion for summary judgment is denied.